GREGORY S. GILCHRIST (Cal. Bar No. 111536)
RYAN BRICKER (Cal. Bar No. 269100)
SOPHY TABANDEH (Cal. Bar No. 287583)
VERSO LAW GROUP LLP
565 Commercial Street. 4th Floor
San Francisco, CA 94111
Telephone: (415) 534-0495
Email: greg.gilchrist@versolaw.com
        ryan.bricker@versolaw.com
        sophy.tabandeh@versolaw.com

Attorneys for Plaintiff
LEVI STRAUSS & CO.

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEVI STRAUSS & CO.,<br><br>           Plaintiff,<br><br>    v.<br><br>45 RPM STUDIO CO., LTD.,<br>45RPM STUDIO USA, INC.,<br>HERITAGE R LTD,<br><br>          Defendants. | Case No. 25-cv-06518<br><br>**COMPLAINT FOR TRADEMARK INFRINGEMENT, DILUTION, AND UNFAIR COMPETITION (INJUNCTIVE RELIEF SOUGHT)**<br><br>**JURY TRIAL DEMAND** |

This lawsuit is necessary because 45 RPM Studio Co., Ltd., 45RPM Studio USA, Inc., and Heritage R Ltd, (collectively "45R" or "Defendants") have misappropriated Plaintiff Levi Strauss & Co.'s ("LS&Co.") famous trademarks as a symbol for its own apparel products. LS&Co. has been manufacturing and selling apparel for over 150 years. The company's apparel production was protected as an "essential industry" during World War II, and exhibits at institutions such as the Smithsonian and The Museum of Modern Art display photographs underscoring that LS&Co.'s products are a "staple of American culture, symbolizing youth, freedom, and effortless cool."

LS&Co. brands its apparel products using some of the oldest and most well-respected apparel trademarks in the world including the Tab Trademark and Arcuate Trademark (collectively, "LS&Co.'s Trademarks").

The "Tab" trademark appears on almost all jeans and jackets, most shirts, and other products

sold under the LEVI'S® brand.  LS&Co. adopted the Tab trademark in 1936, registered the mark in 1938, and at various times has used the mark as part of the corporate logo, in retail signage and on the levi.com website as a sign of all LS&Co.'s products and services.  As shown below, the Tab trademark sometimes bears the famous LEVI'S trademark, and sometimes bears only the ® symbol. Although LS&Co. uses the Tab trademark in an array of colors, the mark is typically used in red. Examples of LS&Co.'s use of its Tab trademark rendered in red are shown here:



1
2
3
4
5
6
7
8



9    The "Arcuate" trademark was adopted in 1873 and registered in 1943. The mark appears on

10   almost every pair of LEVI'S® brand jeans, as well as some jackets, shirts, and accessories. Examples

11   of the Arcuate trademark follow:

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27



28   //

1    Every year, millions of jeans, shirts, jackets, t-shirts, and other products are sold bearing one or

2    more of these trademarks.

3    To stop Defendants from continuing to trade on and misuse LS&Co.'s famous trademarks,

4    reputation, and goodwill, LS&Co. seeks preliminary and permanent injunctive relief as well as

5    appropriate compensatory remedies and fees and costs necessitated by Defendants' conduct.  LS&Co.

6    alleges as follows.

7    **JURISDICTION, VENUE, AND INTRA-DISTRICT ASSIGNMENT**

8    1.    Plaintiff LS&Co.'s claims arise under the Trademark Act of 1946 (the Lanham Act), as

9    amended by the Trademark Dilution Revision Act of 2006 (15 U.S.C. §§ 1051, *et seq*.).  This Court

10    has jurisdiction over such claims pursuant to 28 U.S.C. §§ 1338(a) and 1338(b) (trademark and unfair

11    competition), 28 U.S.C. § 1331 (federal question) and 15 U.S.C. § 1121 (the Lanham Act).  This

12    Court has supplemental jurisdiction over the remaining state law claims under 28 U.S.C.

13    § 1367.

14    2.    LS&Co. is informed and believes that venue is proper in this Court under 28 U.S.C.

15    § 1391(b) because Defendants transact affairs in this district and sell or distribute their infringing

16    products in this district, and because a substantial part of the events giving rise to the claims asserted

17    arose in this district.

18    3.    Intra-district assignment to any division of the Northern District is proper under Local

19    Rule 3-2(c) and the Assignment Plan of this Court as an "Intellectual Property Action."

20    **PARTIES**

21    4.    LS&Co. is a Delaware corporation with its principal place of business at Levi's Plaza,

22    1155 Battery Street, San Francisco, California 94111.  Operating since approximately the 1850s,

23    LS&Co. is one of the oldest and best-known apparel companies in the world.  It manufactures,

24    markets, and sells a variety of apparel bearing its famous trademarks.

25    5.    LS&Co. is informed and believes that defendant 45RPM Studio USA, Inc. is a New

26    York corporation with its principal place of business at 169 Mercer Street, New York, NY 10012.

27    6.    LS&Co. is informed and believes that defendant 45 RPM Studio Co., Ltd. is a Japanese

28    limited company with its principal place of business at 107-0062, Tokyo, 7-2-1 Minamiaoyama,

Minato-ku.

7.      LS&Co. is informed and believes that defendant Heritage R Ltd is a Hong Kong private limited company.  LS&Co. is informed and believes that Heritage R Ltd's principal place of business at 36/F The Gateway TWR 2, Tsim Sha Tsui, KL.

8.      LS&Co. is informed and believes that 45R manufactures, distributes and/or sells, or has manufactured, distributed and/or sold, jeans under the brand name 45R, bearing marks and designs that infringe LS&Co.'s Trademarks.  Defendants' infringing products are offered for sale and sold throughout the United States, including in this judicial district.

## FACTS AND ALLEGATIONS COMMON TO ALL CLAIMS

9.      LS&Co. marks its products with trademarks that are famous around the world, including the Tab trademark and Arcuate trademark.  For many years prior to the events giving rise to this Complaint and continuing to the present, LS&Co. annually has spent great amounts of time, effort, and money advertising and promoting the products on which these trademarks are used.  LS&Co. has sold hundreds of millions of these products all over the world, accounting annually for billions of dollars in sales, including sales throughout the United States and in California.  Through these investments and large sales, LS&Co. has created considerable goodwill and a reputation for high-quality, fashionable products.  LS&Co. continuously has used the Tab trademark and Arcuate trademark for nearly 90 years, to distinguish its products.

10.     LS&Co.'s Trademarks are registered in the United States, in the State of California, and around the world.  All registrations and common law marks for the LS&Co.'s Trademarks are in full force and effect, valid and protectable, and exclusively owned by LS&Co.  LS&Co. continuously has used each of its registered trademarks, from the registration date or earlier, until the present and during all times relevant to LS&Co.'s claims.

**LS&Co.'s Tab Trademark**

11.     Among these trademarks is LS&Co.'s famous Tab Device Trademark (the "Tab trademark").  The Tab trademark consists of a marker, which, in one configuration, appears on pocket seams of garments.  Although LS&Co. uses the Tab trademark in a variety of colors, the Tab trademark is frequently rendered in red.  LS&Co. displays the Tab trademark sometimes with the

1  famous LEVI'S trademark, and other times with only the ® symbol.

2        12.     LS&Co. uses the Tab trademark on its jeans, pants, jackets, shirts, skirts, shorts,

3  accessories, and a variety of other clothing products.  LS&Co.'s Tab trademark was famous among the

4  general consuming public long before Defendants began selling the products challenged in this

5  Complaint.

6        13.     LS&Co. began to display the Tab trademark on the rear pocket of its pants in 1936

7  when its then National Sales Manager, Leo Christopher Lucier, proposed placing the marker on the

8  structural seam of the rear pocket.  The purpose of this marker was to provide "sight identification" of

9  LS&Co.'s products.  Given the distinctiveness of the Tab trademark, Mr. Lucier asserted that "no

10  other maker of overalls can have any other purpose in putting a colored tab on an outside patch

11  pocket, unless for the express and sole purpose of copying our mark and confusing the customer."

12        14.     The Tab trademark is valid and exclusively owned by LS&Co.  The Tab trademark is

13  famous and recognized around the world and throughout the United States by consumers as signifying

14  authentic, high-quality LEVI'S® garments.  The Tab trademark became famous prior to Defendants'

15  conduct that is the subject of this Complaint.

16        15.     In addition to using the Tab trademark on products, LS&Co. also uses and has used the

17  mark to denote retail services, including use of the trademark as its main service mark (collectively

18  "Retail Services Tab trademark") for several years.  Examples of these uses include as follows:

19
20
21  
22
23
24
25  
26
27
28

16.     LS&Co. owns common law and registered rights in its Tab trademark, including the following United States and California Registrations (among others).  The federal registrations have become incontestable under the provisions of 15 U.S.C. § 1065.

     a.     U.S. Registration No. 516,561 (first used as early as September 1, 1936; registered October 18, 1949);

     b.     U.S. Registration No. 1,157,769 (first used as early as September 1, 1936; registered June 16, 1981);

     c.     U.S. Registration No. 2,791,156 (first used as early as September 1, 1936; registered December 9, 2003);

     d.     U.S. Registration No. 356,701 (first used as early as September 1, 1936; registered May 10, 1938);

     e.     U.S. Registration No. 577,490 (first used as early as September 1, 1936; registered July 21, 1953);

     f.     U.S. Registration No. 774,625 (first used as early as May 22, 1963; registered August 4, 1964);

     g.     U.S. Registration No. 775,412 (first used as early as October 9, 1957; registered August 18, 1964);

     h.     U.S. Registration No. 2,726,253 (first used as early as March 7, 1969; registered June 17, 2003);

     i.     U.S. Registration No. 2,620,144 (first used as early as February, 1999, registered September 17, 2002); and

     j.     California Registration No. 052312 (first used as early as March 7, 1969; registered June 12, 1974).

17.     LS&Co. also owns common law and registered rights in its RED TAB, ORANGE TAB, and SILVERTAB word marks, including the following United States Registrations (among others). The federal registrations have become incontestable under the provisions of 15 U.S.C. § 1065.

     a.     RED TAB; U.S. Registration No. 6,234,580 (first used as early as

               1.     September 26, 2019, registered December 29, 2020);

b.      ORANGE TAB; U.S. Registration No. 5,495,150 (first used as early as

      1.      1976, registered June 19, 2018);

c.      GOLD TAB; U.S. Registration No. 7,231,414 (first used as early as

      1.      September 1, 2022, registered November 28, 2023); and

d.      SILVERTAB; U.S. Registration No. 2,132,082 (first used as early as

      1.      June 29, 1987, registered January 27, 1998).

**LS&Co.'s Arcuate Trademark**

18.     LS&Co. also owns the famous Arcuate Stitching Design Trademark (the "Arcuate trademark"), which consists of a distinctive pocket stitching design that is the oldest known apparel trademark in the United States still in continuous use.  LS&Co. has used the Arcuate trademark continuously since 1873 in interstate commerce on clothing products.  LS&Co. first used the Arcuate trademark on jeans and later used it on other products as well.

19.     LS&Co. owns common law and registered rights in its Arcuate trademark including the following United States Registrations (among others).  The federal registrations have become incontestable under the provisions of 15 U.S.C. § 1065.

a.      U.S. Registration No. 404,248 (first used as early as 1873; registered November 16, 1943);

b.      U.S. Registration No. 1,139,254 (first used as early as 1873; registered September 2, 1980); and

c.      U.S. Registration No. 2,794,649 (first used as early as 1873; registered December 16, 2003).

20.     The Arcuate trademark is valid and protectable, and exclusively owned by LS&Co. The Arcuate trademark is famous and is recognized around the world and throughout the United States by consumers as signifying authentic, high-quality LEVI'S® jeans.  The Arcuate trademark became famous prior to Defendants' conduct that is the subject of this Complaint.

**Use of LS&Co.'s Trademarks Under License and in Brand Collaborations**

21.     In addition to producing its own branded apparel, LS&Co. sometimes enters license agreements so that licensees may produce authorized products to LS&Co.'s specifications.  LS&Co.'s

Trademarks may be licensed for this purpose.

22.     LS&Co. also uses the LS&Co. Trademarks in connection with many of its collaborations with other brands, including collaborations with some of the most well-respected designers and fashion houses in the industry.  Examples of LS&Co.'s use of its trademarks on garments put out under these collaborations follow:

| LEVI'S® x SACAI |
|---|

 

| LEVI'S® x VALENTINO |
| :-: |
|  |

| LEVI'S® x ERL |
| :-: |
|  |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| LEVI'S® x GUNDAM SEED |
| --- |



| LEVI'S® X KIKO KOSTADINOV |
| --- |

1  **Defendants' Infringement of LS&Co.'s Trademarks**

2       23.     Beginning at some point in the past and continuing until the present, 45R has

3  manufactured, promoted, and/or sold garments under the 45R brand that infringe and dilute the

4  LS&Co.'s Trademarks.  The following table shows examples of 45R's products bearing copies of the

5  LS&Co.'s Trademarks (the "45R Infringing Designs"):













1    24.    The following table shows side-by-side comparisons of the 45R Infringing Designs

2    with genuine LS&Co.'s products.

3

| 45R Infringing Designs | LS&Co.'s Products |
|---|---|
|  | |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28






25.    The 45R Infringing Designs bear substantially similar copies of LS&Co.'s Trademarks. The designs include (1) an "R" marker in a reddish color stitched into the structural seam of the rear pocket—in the exact same location that LS&Co.'s affixes its Tab trademark which it often renders in red with the ® symbol alone with (2) a pocket stitching design that is highly similar to LS&Co.'s Arcuate trademark.  Defendants' use of this combination of designs that imitate LS&Co.'s Trademarks-will likely cause consumers to be confused about the source of Defendants' products and/or a relationship between Defendants and LS&Co.

26.    In addition to causing damages, Defendants' actions have caused and will cause LS&Co. irreparable harm for which money damages and other remedies are inadequate.  Defendants continue to promote and sell these infringing garments.  Unless Defendants are restrained preliminarily and permanently by this Court, they will continue and/or expand their illegal activities and otherwise continue to cause great and irreparable damage and injury to LS&Co. by, among other things:

a.    Depriving LS&Co. of its rights to use and control use of its trademarks and maintain its reputation with consumers, licensees and collaborators, including the exclusive use of its trademarks on products and services

that LS&Co.'s creates, produces, licenses, and sells;

b.    Creating a likelihood of confusion, mistake, and deception among consumers and the trade as to the source of the 45R Infringing Designs;

c.    Causing the public falsely to associate LS&Co. with Defendants and/or their products, or vice versa;

d.    Causing incalculable and irreparable damage to LS&Co.'s goodwill, reputation and standing with consumers, licensees, and collaborators;

e.    Diluting the capacity of LS&Co.'s Trademarks to differentiate LS&Co.'s products from others;

f.    Causing LS&Co. to lose sales of its genuine clothing products; and

g.    Causing others to believe the distinctive features of LS&Co.'s Trademarks may be misappropriated for their use.

## FIRST CLAIM

## FEDERAL TRADEMARK INFRINGEMENT

### (15 U.S.C. §§ 1114-1117; Lanham Act § 32)

27.    LS&Co. realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 26 of this Complaint.

28.    Without LS&Co.'s consent, Defendants have used—in connection with the sale, offering for sale, distribution, or advertising of its products and services—trademarks and designs, including the 45R Infringing Designs that infringe upon LS&Co.'s Trademarks (each of which is federally registered).

29.    Defendants' acts of willful trademark infringement have been committed with the intent to cause confusion, mistake, or deception, cause harm to LS&Co. and consumers, and are in violation of 15 U.S.C. § 1114.

30.    As a direct and proximate result of Defendants' infringing activities, LS&Co. is entitled to recover all of Defendants' unlawful profits and LS&Co.'s substantial damages under 15 U.S.C. 1117(a).

31.    LS&Co. is entitled to injunctive relief pursuant to 15 U.S.C. 1116(a).

**SECOND CLAIM**

**FEDERAL UNFAIR COMPETITION**

**(False Designation of Origin and False Description)**

**(15 U.S.C. § 1125(a); Lanham Act § 43(a))**

32.    LS&Co. realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 26 of this Complaint.

33.    Defendants' use of the 45R Infringing Designs—including the designs shown by example in this Complaint—tends falsely to describe its products and services within the meaning of 15 U.S.C. § 1125(a)(1).  Defendants' conduct is likely to cause confusion, mistake, or deception by or in the public as to the affiliation, connection, association, origin, sponsorship, or approval of Defendants and Defendants' products and services, to the detriment of LS&Co. and consumers in violation of 15 U.S.C. § 1125(a)(1).

34.    As a direct and proximate result of Defendants' willful infringing activities, LS&Co. is entitled to recover all of Defendants' unlawful profits and LS&Co.'s substantial damages under 15 U.S.C. § 1117(a).

35.    Defendants' infringement of LS&Co.'s Trademarks represents an exceptional case and was intentional, entitling LS&Co. to treble the amount of its damages and Defendants' profits, and to an award of attorneys' fees under 15 U.S.C. § 1117(a).

36.    LS&Co. is entitled to injunctive relief pursuant to 15 U.S.C. § 1116(a).

**THIRD CLAIM**

**FEDERAL DILUTION OF FAMOUS MARKS**

**(Trademark Dilution Revision Act of 2006)**

**(15 U.S.C. § 1125(c); Lanham Act § 43(c))**

37.    LS&Co. realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 26 of this Complaint.

38.    LS&Co.'s Trademarks are distinctive and famous within the meaning of the Trademark Dilution Revision Act of 2006, 15 U.S.C. § 1125(c), and were distinctive and famous prior to Defendants' conduct as alleged in this Complaint.

39.    Defendants' conduct is likely to cause dilution of LS&Co.'s Trademarks by diminishing each of their distinctiveness in violation of the Trademark Dilution Revision Act of 2006, 15 U.S.C. § 1125(c).

40.    LS&Co. is entitled to injunctive relief pursuant to 15 U.S.C. §§ 1116(a) and 1125(c).

## FOURTH CLAIM

## CALIFORNIA TRADEMARK INFRINGEMENT AND DILUTION UNDER CALIFORNIA AND COMMON LAW

**(Cal. Bus. & Prof. Code §§ 14200 *et seq.*; Cal. Bus. & Prof. Code § 14247)**

41.    LS&Co. realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 26 of this Complaint.

42.    LS&Co. owns registered and common law rights in LS&Co.'s Trademarks.

43.    Defendants' use of the 45R Infringing Designs—that are identical or nearly identical to the LS&Co.'s Trademarks—occurred without LS&Co.'s consent.

44.    LS&Co.'s Trademarks became famous in California long before Defendants began using their infringing trademarks and designs.

45.    Defendants' use of 45R Infringing Designs is likely to cause consumer confusion about the source of Defendants' goods and services or about a relationship between LS&Co. and Defendants, and is likely to dilute LS&Co.'s Trademarks, in violation of California Business & Professions Code §§ 14200 et seq., California Business & Professions Code § 14247, and California common law.

46.    Defendants infringed and diluted LS&Co.'s Trademarks with knowledge and intent to cause confusion, mistake, or deception.

47.    Defendants' conduct is aggravated by that kind of willfulness, wantonness, malice, and conscious indifference to the rights and welfare of LS&Co. for which California law allows the imposition of exemplary damages.

48.    Pursuant to California Business & Professions Code §§ 14247 and 14250, LS&Co. is entitled to injunctive relief and damages in the amount of three times Defendants' profits and three times all damages suffered by LS&Co. by reason of Defendants' manufacture, use, display, and sale

1  of infringing goods and services.

2  ## FIFTH CLAIM

3  ## CALIFORNIA UNFAIR COMPETITION

4  **(Cal. Bus. & Prof. Code § 17200)**

5  49.    LS&Co. realleges and incorporates by reference each of the allegations contained

6  in paragraphs 1 through 26 of this Complaint.

7  50.    Defendants' conduct constitutes "unlawful, unfair or fraudulent business act[s] or

8  practice[s] and unfair, deceptive, untrue or misleading advertising" within the meaning of California

9  Business & Professions Code section § 17200.

10  51.    LS&Co. is entitled to injunctive relief preventing the conduct alleged in this

11  Complaint.

12  ## PRAYER FOR JUDGMENT

13  WHEREFORE, LS&Co. prays that this Court grant it the following relief:

14  1.    Adjudge that Defendants infringed LS&Co.'s Trademarks in violation of LS&Co.'s

15  rights under common law, 15 U.S.C. § 1114, and/or California law;

16  2.    Adjudge that Defendants have competed unfairly with LS&Co. in violation of

17  LS&Co.'s rights under common law, 15 U.S.C. § 1125(a), and/or California law;

18  3.    Adjudge that Defendants' activities are likely to dilute LS&Co.'s Trademarks, in

19  violation of LS&Co.'s rights under common law, 15 U.S.C. § 1125(c), and/or California law;

20  4.    Adjudge that Defendants and their agents, employees, attorneys, successors, assigns,

21  affiliates, and joint venturers and any person(s) in active concert or participation with it, and/or any

22  person(s) acting for, with, by, through or under them, be enjoined and restrained at first during the

23  pendency of this action and thereafter permanently from:

24  a.    Manufacturing, producing, sourcing, importing, exporting, selling,

25  buying, offering for sale, distributing, licensing, advertising, or

26  promoting any goods or services, using any words, symbols or designs

27  that so resemble LS&Co.'s Trademarks as to be likely to cause

28  confusion, mistake or deception, on or in connection with any product or

service that is not authorized by or for LS&Co., including without limitation, the infringing trademarks and designs that are the subject of this Complaint and for which Defendants are responsible, or any other approximation of LS&Co.'s Trademarks;

b.  Using any word, term, name, symbol, device, or combination thereof that causes or is likely to cause confusion, mistake, or deception as to the affiliation or association of Defendants' products and services with LS&Co. or as to the origin of Defendants' goods and services, or any false designation of origin, false or misleading description or representation of fact, or any false or misleading advertising;

c.  Claiming trademark rights in the 45R Infringing Designs, or any other word, symbol, or design that is confusingly similar to LS&Co.'s Trademarks, including by applying now or in the future for federal registration of trademarks comprising the 45R Infringing Designs or any other word, symbol, or design that is similar to LS&Co.'s Trademarks;

d.  Infringing LS&Co.'s rights in and to any of its trademarks or otherwise damaging LS&Co.'s goodwill or business reputation;

e.  Further diluting the LS&Co.'s Trademarks;

f.  Otherwise competing unfairly with LS&Co. in any manner; and

g.  Continuing to perform in any manner whatsoever any of the other acts complained of in this Complaint;

5.  Adjudge that Defendants be required immediately to supply LS&Co.'s counsel with a complete list of individuals and entities from whom or which they purchased, and to whom or which they sold, offered for sale, distributed, advertised or promoted, infringing products and services as alleged in this Complaint;

6.  Adjudge that Defendants be required immediately to deliver to LS&Co.'s counsel their entire inventory of infringing products and services, including without limitation jeans, bottoms, and any other clothing, packaging, labeling, photographs, advertising and promotional material, and all

plates, patterns, molds, matrices and other material for producing or printing such items, domain names, or social media handles that are in their possession or subject to their control and that infringe or facilitate infringement of LS&Co.'s Trademarks as alleged in this Complaint;

7.    Adjudge that Defendants, within thirty (30) days after service of the judgment demanded herein, be required to file with this Court and serve upon LS&Co.'s counsel a written report under oath setting forth in detail the manner in which they have complied with the judgment;

8.    Adjudge that LS&Co. recover from Defendants its damages and lost profits, and Defendants' profits, in an amount to be proven at trial, as well as punitive damages under California law;

9.    Adjudge that Defendants be required to account for any profits that are attributable to their illegal acts, and that LS&Co. be awarded (1) Defendants' profits and (2) all damages sustained by LS&Co., under 15 U.S.C. § 1117, plus prejudgment interest;

10.    Adjudge that the amounts awarded to LS&Co. pursuant to 15 U.S.C. § 1117 shall be trebled;

11.    Order an accounting of and impose a constructive trust on all of Defendants' funds and assets that arise out of their infringing and dilutive activities;

12.    Adjudge that LS&Co. be awarded its costs and disbursements incurred in connection with this action, including LS&Co.'s reasonable attorneys' fees and investigative expenses; and

13.  Adjudge that all such other relief be awarded to LS&Co. as this Court deems just and proper.

//
//
//
//
//
//
//

1

Dated:  August 1, 2025                        Respectfully submitted,

2
                                              VERSO LAW GROUP LLP

3

4                                             By: */s/ Sophy Tabandeh*_____
                                              Gregory S. Gilchrist
5                                             Ryan Bricker
                                              Sophy Tabandeh

6
                                              Attorneys for Plaintiff
7                                             LEVI STRAUSS & CO.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## **DEMAND FOR JURY TRIAL**

2      Levi Strauss & Co. demands that this action be tried to a jury.

3   Dated:  August 1, 2025              Respectfully submitted,

4                                        VERSO LAW GROUP LLP

5

6                                        By: */s/ Sophy Tabandeh*
7                                        Gregory S. Gilchrist
                                         Ryan Bricker
8                                        Sophy Tabandeh

9                                        Attorneys for Plaintiff
                                         LEVI STRAUSS & CO.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28